In the Matter of the Claim of MARGARET FALLON, Respondent, against AMERICAN SUGAR REFINING COMPANY, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— This self-insured employer appeals from a decision and award of Workmen's Compensation Board in claimant's favor. The issue is the existence of evidence to show that decedent sustained an accident. The three member panel of the board, with one dissent, has found that Fallon in the regular course of his employment was subjected to unusual extra exertion and strain and while on guard "ran after and chased some disorderly children from the parking lot [of the employer] causing him to suffer a coronary occlusion and myocardial infarction, all of which caused his immediate death". Decedent, fifty-nine years of age, was a uniformed guard at appellant's sugar refinery in Brooklyn. On September 26, 1950, he reported for duty at four in the afternoon and was then assigned to a post. Some twenty minutes later Keating, chief of the guard service, looking out of his office window, saw Fallon "putting some children, some girls and boys off the parking lot" and "walking in a northerly direction". Another guard, Geiss, testified that he saw Fallon leave his post about 4:20 and walk toward the parking lot where there were some children, but did not see him again until after his fall. Webb, a fellow employee, left the plant about 4:20. As he walked along a street bordering the parking lot, he saw Fallon walking toward him and they waved at each other. Continuing his course Webb "heard a thud" and, turning, saw Fallon lying on his face. The latter was pronounced dead by a doctor, who arrived a short time later. There was no witness who saw Fallon fall or who saw him run. The apparent basis for the board's finding is in the testimony of Detective Doyle who, reaching the property after Fallon's death, testified that to the best of his recollection Keating reported seeing decedent chasing children and that, when Doyle asked for Keating's interpretation of "chasing", the latter said that Fallon was running after the children. This statement, incidentally, was denied by Keating. While Doyle's testimony would bear on Keating's credibility, it was not affirmative evidence of Fallon's running. "At most a statement of a witness out of court inconsistent with his testimony discredits the witness but is never received as evidence of the fact contained in such inconsistent statement." (*Matter of Donovan* v. *Alliance Elec. Co.*, 191 App. Div. 303, 304; *Matter of Roge* v. *Valentine*, 280 N. Y. 268, 276.) Further, the medical evidence fails to establish causal relationship between the death and any accident. That evidence was based on the hypothesis that decedent was running or that, if running was eliminated as a factor, emotional trauma might have had something to do with it, the doctor stating that he would have to assume that there was some excitement involved. Here again, there was no evidence of any appearance of emotional strain. Decision and award reversed, on the law, with costs to appellant, The American Sugar Refining Company, and the matter remitted to the Workmen's Compensation Board for further consideration. Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ., concur.